IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | § |
|---|---|
| VICKER SICHANTHAVONG, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § 2:22-CV-118-Z |
| | § |
| TINA HERNANDEZ, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Vicker Sichanthavong's ("Plaintiff") Complaint and two related Motions. *See* ECF Nos. 3, 5, 6. Having reviewed Plaintiff's Complaint, the Motions, and relevant law, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE** and **DENIES** Plaintiff's Motions as moot.

**BACKGROUND**

On May 5, 2010, Plaintiff leased a residential property to Defendant Tina Hernandez ("Defendant"). ECF No. 3 at 3–4. On July 6, 2010, Defendant stopped paying rent to Plaintiff. *Id.* Plaintiff sued Defendant for the unpaid rent in Potter County Justice Court. *Id.* On September 23, 2010, the Justice Court rendered default judgment for Plaintiff, awarding $1,444.73 with interest at five percent per annum, possession of the premises,[1] and court costs to compensate Plaintiff for the unpaid rent. *Id.* at 9. On December 4, 2012, the Justice Court awarded Plaintiff additional compensation: $816.66 with interest at 18 percent per annum and court costs. *Id.* at 8. Plaintiff alleges Defendant currently owes $20,690.29 in rent with interest at 18 percent per annum. *Id.* at 4.

---

[1] Plaintiff's Complaint does not clearly state whether Defendant vacated the premises in accordance with the September 23, 2010 judgment. *See* ECF No. 3 at 4.

1

Roughly a decade later and proceeding *pro se*, Plaintiff now sues Defendant in federal court to collect unpaid rent from Defendant. *Id.* Plaintiff filed two motions alongside his Complaint: (1) a motion for leave to file an attached petition in which he prays for a writ of habeas corpus; and (2) a motion for "a referral order to a grand jury." ECF Nos. 5, 6. Plaintiff asks this Court to convene a grand jury to indict Defendant in order to secure repayment of the unpaid rent. ECF No. 3 at 5.

### LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." *Foster v. Henson*, No. 300-CV-1946-G, 2001 WL 167959, at *1 (N.D. Tex. Jan. 19, 2001). This is because federal courts possess only the power authorized by statute or by the Constitution. *Lomas v. Gym*, No. 3:21-CV-89-L-BN, 2021 WL 1147585, at *1 (N.D. Tex. Jan. 15, 2021). Federal district courts have subject-matter jurisdiction over two types of cases: cases involving a federal question or cases involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity). Without a grant of subject-matter jurisdiction, a federal court is "powerless to act." *Brazoria County v. E.E.O.C.*, 391 F.3d 685, 688 (5th Cir. 2004). To this end, "a district court is vested with authority to inquire at *any* time whether the conditions under which it may exercise its jurisdiction have been met." *Broussard v. United States*, 989 F.2d 171, 176 (5th Cir. 1993). Thus, a court is obligated to evaluate subject-matter jurisdiction *sua sponte* if not raised by the parties and must dismiss the action if such jurisdiction is lacking. *See* FED. R. CIV. P. 12(h)(3).

### ANALYSIS

Because diversity of citizenship is not at issue here, Plaintiff's case must "arise under" the United States Constitution or other federal law. 28 U.S.C. § 1331. Plaintiff asserts federal

2

jurisdiction arises under the First and Eighth Amendments of the United States Constitution. ECF No. 3 at 2. The statement of jurisdiction — however — lists several cases and additional miscellaneous information rendering Plaintiff's asserted basis for jurisdiction difficult to discern. *Id.*

Count 1 argues the Eight Amendment allows Plaintiff to "use habeas corpus to charge to the grand jury for indictment," which is unintelligible and alleges no facts sufficient to show that the case arises under federal law. *Id.* In Count 2, Plaintiff asserts that federal statutory jurisdiction exists under Texas Penal Code § 31.04 (theft of service) and Section 134 of the Texas Civil Practice and Remedies Code ("Texas Theft Liability Act").[2] *Id.* at 5. Neither the Texas Civil Practice and Remedies Code nor Texas Penal Code, however, provide a basis for federal-question jurisdiction. Although Plaintiff purports to invoke the Court's jurisdiction based on the presence of a federal question, neither of Plaintiff's amorphous claims support a basis for federal question jurisdiction under 28 U.S.C. § 1331.

Saying the Court has jurisdiction does not make it so. Based on the foregoing, the Court finds it lacks subject-matter jurisdiction over Plaintiff's claims.

\* \* \*

Because the pleading of a *pro se* plaintiff should be liberally construed and held to less stringent standards, courts sometimes afford *pro se* plaintiffs the opportunity to amend their pleadings to cure any defects. *Anyanwu v. Bank of Am. N.A.*, No. 3:14-CV-2638-M-BK, 2015 WL 9595416, at *1 (N.D. Tex. Dec. 4, 2015). The Fifth Circuit generally recommends the following guidance: if a liberally read complaint suggests the plaintiff has a claim that is merely inadequately

---

[2] Plaintiff incorrectly references Texas Penal Code § 31.03. The correct location for "theft of service" is Texas Penal Code § 31.04.

or inartfully pleaded, the Plaintiff ought to be given at least one chance to reframe. *Cledera v. United States*, 834 F. App'x. 969, 972 (5th Cir. 2021).

Although a *pro se* complaint generally should not be dismissed without leave to amend, there is an exception if any amendment to the complaint would be futile. *Id.* The Fifth Circuit has interpreted the term "futility" to mean that the complaint as amended would be subject to dismissal. *Chandler v. United States*, 338 F. Supp. 3d 592, 600 (N.D. Tex. 2018). An amendment that fails to cure a lack of subject-matter jurisdiction may be considered futile. *Id.* Here, the Court lacks subject-matter jurisdiction, and the lack of jurisdiction cannot be cured by an opportunity to amend. Additionally, the Court finds Plaintiff's claims to be so "confusing, ambiguous, redundant, vague, and unintelligible" that amendment would be futile. *King/Morocco v. Nissan*, No. H-19-1574, 2019 WL 5400904, at *1 (S.D. Tex. Sept. 10, 2019), *report and recommendation adopted*, 2019 WL 5396500 (S.D. Tex. Oct. 22, 2019); *see also Solomon v H.P. Action Center*, No. 99-CV-10352-JSR, 1999 WL 1051092, at *1 (S.D.N.Y. Nov. 19, 1999) (finding futility in claims "so confused, ambiguous, vague, or otherwise unintelligible").

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**. Accordingly, the Court **DENIES** Plaintiff's pending Motions as moot.

**SO ORDERED.**

July 13, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE